## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **DAVID MALCOLM JONES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:09-0124** |
| ) | |
| **TERRY L. BILLINGSLEY,** ) | |
| **Warden, FCI Beckley,** ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody and Application to Proceed *In Forma Pauperis* .[1] (Document Nos. 1 and 3.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a successive Motion under Section 2255 and denied (1) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to file a successive Section 2255 Motion; (2) jurisdiction is in the Court where Petitioner was sentenced, the Eastern District of North Carolina; and (3) in any event, Petitioner is not entitled to relief under Section 2241.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## FACT AND PROCEDURE

On December 21, 2005, Petitioner was convicted by a jury in the United States District Court for the Eastern District of North Carolina of Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1). United States v. Jones, Criminal Action No. 7:05-00042 (E.D.N.C. Sept. 7, 2006). On September 7, 2006, the District Court sentenced Petitioner to a 60-month term of imprisonment, to be followed by a three-year term of supervised release. (Id., Document No. 56.) Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals.[2] On August 17, 2007, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Jones, 237 Fed.Appx. 884 (4th Cir. 2007).

On April 28, 2008, Petitioner filed in the Eastern District of North Carolina a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Jones v. United States, Civil Action No. 7:08-00062 (E.D.N.C..May 28, 2009). Petitioner asserted the following grounds of error: (1) Ineffective assistance of counsel by Mr. Hale; (2) Ineffective assistance of counsel by Mr. Gilbert; and (3) the District Court improperly determined Petitioner's status as a convicted felon. (Id.) On May 28, 2009, the District Court denied Petitioner's Section 2255 Motion. (Id., Document Nos. 97 and 98.) Petitioner appealed the District Court's decision to the Fourth Circuit. (Id., Document 99.) The Fourth Circuit denied Petitioner's certificate of appealability and dismissed his appeal on October 6, 2009. (Id., Document No. 103.)

On February 11, 2009, Petitioner filed the instant Application alleging that he is "actually

---

[2] Petitioner presented the following arguments on appeal: (1) The District Court erred in permitting evidence from an attorney naming his prior conviction; (2) The District Court erred in admitting the judgment of conviction; (3) The District Court erred in admitting evidence when the probative value of the evidence was substantially outweighed by its prejudicial effect; and (4) The evidence was insufficient to established the prior conviction.

innocent under law of his charge under 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm." (Civil Action 5:09-0124, Document No. 1.) In support of his claim, Petitioner argues that his conviction is invalid based upon the following: (1) "Petitioner was convicted as a 'felon in possession' under § 922(g), prior to his judgment being final"; and (2) The "greater protection rule." (Id., p. 1.) Petitioner contends that on August 1, 2003, he was convicted of possession of cocaine, a felony, in the State of North Carolina. (Id.) He alleges that he appealed his conviction and it was affirmed on August 8, 2005. (Id.) Petitioner therefore contends that his felony conviction did not become final until August 8, 2005. (Id.) Specifically, Petitioner states that under "laws of North Carolina . . . a felony is not consider 'convicted' for purposes of a felon in possession until that conviction becomes 'final.'" (Id., p. 3.) Petitioner alleges that "federal ATF agents came to petitioner's residence investigating stolen weapons . . . on January 5, 2005, seven months prior to his status as a convicted felon becoming final." (Id., p. 2.) Petitioner states that on April 17, 2005, he was indicted in the United States District Court for the Eastern District of North Carolina for being a felon in possession of a firearm based upon the ATF's January 5, 2005, search of Petitioner's residence. (Id.) Thus, Petitioner contends that he was improperly indicted because his felony conviction in State Court was on appeal, and not a final conviction, at the time of his indictment for being a felon in possession. (Id.) Finally, Petitioner argues that he is entitled to the "greater protection rule." (Id., p. 3.) Specifically, Petitioner states as follows:

> While there is seemingly little disparity between the views expressed in North Carolina's General Statutes and interpretations of law by federal courts, David Jones could not be considered a convicted felon for purposes of § 922(g) until North Carolina law deemed him to be one. Under the State's laws, David Jones was not a felon when the ATF officers came to his property on January 5, 2005, and seized his family's weapons.

(Id., p. 4.) Accordingly, Petitioner requests that the "Court grant his release under 28 U.S.C. § 2241,

3

as he was not a felon under the laws of his state, when charged with the crime of 'felon in possession,' by the federal authorities." (Id., pp. 4 - 5.)

## ANALYSIS

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section

2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Eastern District of North Carolina. Petitioner alleges that he was improperly convicted of being a felon in possession of a firearm. (Document No. 1.) Specifically, Petitioner states that he "is actually innocent under law of his charge under 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm," because his felony conviction in State Court was not final at the time of his indictment in the United States District Court for the Eastern District of North Carolina of being a felon in possession of a firearm. (Id.) Petitioner is basically challenging the validity of his conviction and sentence, not the manner in which his sentence is being executed. Therefore, in view of the nature of Petitioner's claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

5

(Emphasis added.) It is also clear that a second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. This District Court therefore lacks jurisdiction to consider Petitioner's Section 2255 Motion because Petitioner was not sentenced in this District. Rather, jurisdiction is properly in the Eastern District of North Carolina where Petitioner was sentenced. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. Petitioner fails to allege any legal

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Petitioner does not contend that his Motion falls under either the category of newly discovered evidence or new rule of constitutional law. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion.

or factual basis as to how Section 2255 was ineffective or inadequate. Clearly, Petitioner's claim challenging his status as being a convicted felon was raised and addressed in his Section 2255 Motion. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Accordingly, the undersigned recommends that Petitioner's Petition be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *In Forma Pauperis* (Document No. 3.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.), and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 18, 2010.

R. Clarke VanDervort
United States Magistrate Judge